Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: anna.park@eeoc.gov

Connie K. Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 West Beech St., Suite 504
San Diego, CA. 92101
Telephone: (619) 557-7282
Facsimile: (619) 557-7274
E-Mail: connie.liem@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SHARP HEALTHCARE AND DOES 1-10, INCLUSIVE,<br><br>Defendant(s). | '15CV1936 H    KSC<br><br>**COMPLAINT-CIVIL RIGHTS; EMPLOYMENT DISCRIMINATION**<br>(42 U.S.C. §§ 2000e, et seq. and 12117)<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of American with Disabilities Act of 1990

1  ("ADA"), a amended by the ADA Amendment Act ("ADAAA") of 2008, and
2  Title I of the Civil Rights Act of 1991, to correct unlawful employment practices
3  on the basis of disability and to provide appropriate relief to Charging Party
4  Sandra Juarez ("Juarez"), who was adversely affected by such practices.  As
5  alleged with greater particularity in Paragraphs  16-35 below, Plaintiff U.S. Equal
6  Employment Opportunity Commission alleges that Defendant Sharp Healthcare
7  discriminated against Juarez  on the basis of  a perceived disability in violation of
8  Section 102 of the ADA, 42 U.S.C. §§ 12112.  More specifically, following a
9  post-offer medical examination, Defendant Sharp Healthcare regarded Juarez as
10  disabled and rescinded her job offer.

11  <u>**JURISDICTION AND VENUE**</u>

12  1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,
13  1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to
14  § 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§
15  706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42
16  U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to § 102 of the Civil Rights Act of
17  1991, 42 U.S.C. § 1981a.

18  2.  The employment practices alleged to be unlawful were committed
19  within the jurisdiction of the United States District Court for the Southern District
20  of California.

21  <u>**PARTIES**</u>

22  3.  Plaintiff U.S. Equal Employment Opportunity  Commission
23  (Plaintiff" or the "Commission") is an agency of the United States of America
24  charged with the administration, interpretation and enforcement of Title I of the
25  ADA, and is expressly authorized to bring this action under § 107(a) of the ADA,
26  42 U.S.C. § 12117(a).

27  4.  At all relevant times, Defendant Sharp Healthcare ("Defendant" or
28  "Sharp") has continuously been a California corporation doing business in San

1    Diego County, State of California.

2          5.     At all relevant times, Defendant has continuously employed at least

3    15 employees.

4          6.     At all relevant times, Defendant has continuously been an employer

5    engaged in an industry affecting commerce within the meaning of § 101(5) of the

6    ADA, 42 U.S.C. § 12111(5), and § 101(7) of the ADA, 42 U.S.C. § 12111(7).

7          7.     At all relevant times, Defendant has been a covered entity under

8    § 101(2) of the ADA, 42 U.S.C. § 12111(2).

9          8.     All of the acts and failures to act alleged herein were duly performed

10   by and attributable to all Defendant(s), each acting as a successor, agent,

11   employee,  alter ego, indirect employer, joint employer or under the direction and

12   control of the others, except as specifically alleged otherwise.  Said acts and

13   failures to act were within the scope of such agency and/or employment, and each

14   Defendant(s) participated in, approved and/or ratified the unlawful acts and

15   omissions by the other Defendant(s) complained of herein.  Whenever and

16   wherever reference is made in this Complaint to any act by a Defendant or

17   Defendants, such allegations and reference shall also be deemed to mean the acts

18   and failures to act of each defendant acting individually, jointly, and/or severally.

19         9.     Plaintiff is ignorant of the true names and capacities of each

20   Defendant sued as DOES 1 through 10, inclusively, and therefore the Commission

21   sues said defendants by fictitious names.  The Commission reserves the right to

22   amend the complaint to name each DOE defendant individually or corporately as

23   it becomes known.  The Commission alleges that each DOE defendant was in

24   some manner responsible for the acts and omissions alleged herein and the

25   Commission will amend the complaint to allege such responsibility when the

26   same shall have been ascertained by the Commission.

27   ///

28

## STATEMENT OF CLAIMS

10.    More than thirty (30) days prior to the institution of this lawsuit, Juarez filed a charge of discrimination with the Commission alleging violations of the ADA by Sharp.

11.    On January 29, 2015, the Commission issued Defendant an Amended Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12.    The Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the Amended Letter of Determination.

13.    The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14.    On June 12, 2015, the Commission issued Defendant a Notice of Failure of Conciliation.

15.    All conditions precedent to the initiation of this lawsuit have been fulfilled.

16.    Since at least 2012, Defendant has engaged in unlawful employment practices in violation of Section 102(a) and (b) of the ADA, 42 U.S.C. 12112 (a) and (b).  More specifically, on or about June 27, 2012, Defendant denied Juarez employment on the basis of a perceived disability.

17.    In early 2012, Juarez applied for a Certified Surgical Scrub Technologist position with Defendant.

18.    At the time of her job application, Juarez was qualified for the Surgical Scrub Technologist position because she possessed over 20 years of relevant work experience and had never experienced any problems with the physical demands of that position.

19.    On or about March 27, 2012, Juarez was interviewed via telephone by Sharp's OPP Department Lead.  During this job interview, Defendant asked Juarez whether she could perform a series of physical requirements required for the job. Juarez responded that she could perform all these tasks.

20.    On or about April 12, 2012, Defendant forwarded Juarez a written conditional job offer for the Surgical Scrub Technologist position with a projected start date of May 17, 2012.  The letter further described the job offer as "contingent upon successful completion of the post-offer physical exam" and a "urine drug screening."

21.    On April 18, 2012, Defendant subjected Juarez to a post-offer medical inquiry by requiring her to fill out a "Post-Offer Health History Questionnaire." In this questionnaire, Juarez disclosed to Defendant that she underwent ankle surgery in 1980 and that she was currently being prescribed anti-inflammatory medication for her minor ankle ailment.

22.    On or about May 14, 2012, Defendant subjected Juarez to a post-offer medical examination by a nurse practitioner with Defendant's Employee Occupational Health Department ("EOHD").

23.    During the May 14, 2012 medical examination, Defendant's nurse practitioner required Juarez to perform a series of mobility exercises, such as squatting to the ground and then raising herself up.  Juarez disclosed that due to a prior ankle surgery in 1980, she needed to push off the ground or grab a stationary object for balance to push herself up from the squatting position. Juarez also explained that during her prior 20 year work history as a surgical scrub technologist, her minor ankle ailment had never precluded her from performing any job duties or tasks, and that it would not prevent her from performing  any future work-related physical  demands with Defendant.

24.    A May 14, 2012 "Employee Charting Note" completed by Defendant's nurse practitioner states that Juarez has a "[h]ealed scar dorsal ankle,

1  unable to heel walk on right ankle. To squat kneels on left knee holding onto
2  object for stability."

3        25.    On or about May 17, 2012, Defendant's nurse practitioner completed
4  a New Hire Post Offer Physical Report in which she wrote, "[a]pplicant is
5  medically qualified to work with the following special limitations: Unable to
6  squat, may kneel on one knee holding to object for stability."

7        26.    Following receipt of the May 17, 2012 New Hire Post Offer Physical
8  Report from the nurse practitioner, Defendant unilaterally initiated the
9  Accommodation Review Process and scheduled an interactive meeting with
10  Juarez for May 24, 2012.

11        27.    Scheduling an interactive meeting was unnecessary because Juarez
12  never communicated to Defendant that she, (a) has a disability, (b) has any
13  medical limitations and/or restrictions, and (c) needed a reasonable
14  accommodation.

15        28.    On May 24, 2012, Juarez met with Defendant's representatives for an
16  interactive process meeting.  During the meeting, Defendants' representatives
17  described "squatting" as an "essential" job function of the surgical scrub
18  technologist position and wanted to clarify whether she would need someone to
19  assist her with squatting. Juarez demonstrated her range of motion in her ankle
20  and explained that she did not need any assistance or an accommodation with
21  squatting. Juarez repeatedly told Defendant's representatives that she only needed
22  to use the floor or a stable object for balance as she rose from the squatting
23  position.

24        29.    Despite Defendant's representation that "squatting" is an essential job
25  function, Sharp's own written job description for the Certified Surgical Scrub
26  Technologist position does not reflect "squatting" as an "essential" job function.

27        30.    On or about June 27, 2012, Defendant forwarded a letter to Juarez
28  rescinding the formal job offer.  Defendant explained in its letter that "[a]fter

1  significant review, it was concluded that we are not able to accommodate your

2  restrictions."

3      31.    Defendant failed to obtain and consider medical evidence from a state

4  licensed doctor of medicine ("Health Care Provider") to accurately ascertain

5  Juarez's actual condition in violation of its own accommodation review policies.

6      32.    Defendant relied solely on its own subjective opinions in concluding

7  that Juarez was a disabled individual who could not be reasonably accommodated.

8      33.    Juarez has over 20 years of prior work experience as a surgical scrub

9  technologist.  Squatting was never an essential job function during Juarez's prior

10  20 year work history as a surgical scrub technologist.

11     34.    During the pre-employment process with Defendant, Juarez was a

12  qualified individual capable of performing the essential functions of the Surgical

13  Scrub Technologist position without any accommodation.

14     35.    A few months after Defendant rescinded Juarez's job offer, Juarez

15  was subsequently employed in similar surgical scrub technologist position at

16  another medical facility.

17     36.    The effect of the practices complained of as described in paragraphs

18  16 through  35 have been to deprive  Juarez of equal employment opportunities

19  and otherwise adversely affect her status as an employee because of a perceived

20  disability.

21     37.    The unlawful employment practices in paragraphs  16  through  35

22  above were intentional and caused to suffer emotional distress.

23     38.    The unlawful employment practices complained of above were done

24  with malice or with reckless indifference to Juarez's federally protected rights.

25  //

26  //

27

28

**PRAYER FOR RELIEF**

The Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant(s), its officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate on the basis of disability and/or perceived disability.

B.      Order Defendant(s) to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of § 102(a) and (b), 42 U.S.C. § 12112(a) and (b).

C.      Order Defendant(s) to make whole Juarez by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial.

D.      Order Defendant(s) to make Juarez whole by providing compensation for past and future pecuniary losses, including but not out-of-pocket expenses suffered by her which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

E.      Order Defendant(s) to make Juarez whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.  The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F.      Order Defendant(s) to pay Juarez punitive damages for its malicious and/or reckless conduct as described in Paragraphs 16-35 above in an amount to be determined at trial.

G.      Award the Commission its costs of this action.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

///

///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, NE.
Washington, D.C. 20507

Dated: August 27, 2015

ANNA Y. PARK
Regional Attorney

SUE J. NOH
Supervisory Trial Attorney

CONNIE K. LIEM
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION